IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| M2 TECHNOLOGY, INC. | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 4:12CV458 |
| | § | |
| M2 SOFTWARE, INC. | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

In this case, M2 Technology, Inc. requests default judgment against M2 Software, Inc. (Dkt. 9). David Escamilla has filed a motion to intervene in the case (Dkt. 5). There are, or have been, three cases pending before the Court involving Escamilla's efforts to seek a preliminary injunction against M2 Technology, Inc. for trademark infringement as well as other claims.

In the first case (4:11cv516), David Escamilla sued M2 Technology, Inc. The plaintiff in that suit was originally M2 Intellectual Property Assets which Escamilla later represented was merely a d/b/a of David Escamilla. Escamilla is not an attorney and desired to proceed *pro se* in the first case. M2 Technology, Inc. then moved to dismiss in part because M2 Software, Inc. as the actual owner of the mark was a necessary party. The Court ordered that M2 Software, Inc. be joined as a party. Plaintiff refused to join M2 Software, Inc., and for the reasons stated in the Report and Recommendation, that case was dismissed. Escamilla appealed that decision to the Fifth Circuit. The dismissal was recently affirmed, the Fifth Circuit finding in an unpublished opinion that the primary mark-holder was a required party to the action under Rule 19. *David Escamilla dba M2*

1

*Intellectual Property Assets v. M2 Technology, Inc.*, No. 12-41183, slip op. at 8 (5th Cir. July 16, 2013) ("Because M2 Software and Escamilla are legally distinct persons, the requirement that M2 Software be joined is not satisfied by Escamilla's participation in the lawsuit.").

Within six days of this Court's report and recommendation of dismissal in the prior action, Escamilla – as the sole shareholder of M2Software, Inc.– purportedly assigned all rights and causes of action *to any extent not owned by assignee. See* Dkt. 11-2. In the "Trademark Assignment Agreement," Assignee (Escamilla) also agrees to license back to Assignor (M2 Software, Inc.) certain rights to the Trademarks in accordance with the terms set forth in the License Agreement. *Id.* After reading the "Assignment," the Court has questions as to what has been assigned. The agreement was clearly an effort by Escamilla to avoid hiring an attorney for M2 Technology, Inc., per the Court's order in the first case.

On July 20, 2012, M2 Technology, Inc. sued M2 Software, Inc. in the instant suit (4:12cv458). Although served, Defendant has not made an appearance. Plaintiff moved for entry of default and now seeks a default judgment.

In September 2012, Escamilla filed a motion to intervene in the case and a motion to dismiss, as well as a motion for sanctions. On October 5, 2012, Escamilla then filed a separate complaint and application for injunctive relief against M2Technology, Inc.– the third suit in this trilogy – seeking the same relief as in his earlier filed suit (4:12cv634). He now claims to be the party holding full authority and standing to assert the claims set forth in his complaint.

Throughout these various proceedings, Escamilla has steadfastly refused to hire counsel to represent his corporation – the corporation listed as the owner of the trademark. Even during a hearing on the matter of joinder in the first case, Escamilla proposed that he could step out in the hall

and complete an assignment, conveying all rights of M2 Software, Inc.

28 U.S.C. § 1654 states that "in all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Courts have uniformly interpreted this statute to mean that corporations, partnerships, or associations are not allowed to appear in federal court other than through a licensed attorney. *Rowland v. California Men's Colony,* 506 U.S. 194, 202–203, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *see also Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004); *see also Donovan v. Road Rangers Coutnry Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982)). Therefore, a corporation is not permitted to appear *pro se*. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 1998 WL 641815 (N.D. Tex. 1998). Although 28 U.S.C. § 1654 permits an individual to proceed *pro se* in federal court, the statute does not permit an individual to appear on behalf of a corporation. *See Bischoff v. Waldorf,* 660 F.Supp.2d 815, 820 (E.D. Mich. 2010) (citing *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984); *Scandia Down Corp. v. Euroquilt, Inc.,* 772 F.2d 1423, 1427 (7th Cir. 1985) (A corporation "is an abstraction, and an abstraction may not appear pro se.")). "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982)). When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant. *See id.* (holding district court properly struck defenses of corporate defendant which declined to hire counsel).

Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, 2003 WL 21992488, at * 1 (N.D. Tex. 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that the defendant was therefore in default.); *Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 WL 424326, at *1 (S.D. Tex. 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Escamilla and M2 Software, Inc. have been warned that counsel was necessary for M2 Software, Inc. to appear before the Court. Escamilla has steadfastly refused to engage counsel and attempted through a series of actions to do an end run around the Court's warnings. A new warning in this case would serve no purpose because Escamilla would continue to refuse to hire counsel. In his mind, Escamilla may feel that it is unnecessary, but, as to the limited matter before the Court, M2 Software, Inc. is the named *and* served Defendant and M2 Software, Inc. has not appeared through an attorney, although given sufficient opportunity to so engage. The fact that Escamilla does not want to spend legal fees on a mark he claims has made millions for him is his own choosing.

Because Defendant has not appeared, the Court finds that default judgment is warranted and proper. The allegations in the Complaint are taken as true. *See Nishimatsu Constr. Co. v. Hous.*

4

*Nat'l Bank*, 515 F.2d 1200,1206 (5th Cir. 1975). Nevertheless, the Court has also considered the Affidavit of Mark Martinez and further finds that the parties' goods and services are substantially different from one another; the parties' customers are in entirely different markets; Plaintiff's customers are sophisticated; the parties' respective marks differ from one another in appearance, sound, meaning and commercial impression; Plaintiff does not seek to trade on any alleged goodwill of Defendant; Plaintiff's development of the mark represents the first two initials of Mark Martinez, and the parties' respective marks have coexisted in the marketplace for many years without evidence of confusion.

Escamilla has also filed a Motion to Intervene (Dkt. 5). By his intervention he attempts to argue matters related to M2 Software, Inc. which are foreclosed because he is not an attorney and flat out refuses to hire counsel to represent M2 Software, Inc. In the absence of a federal statute conferring an unconditional right to intervene, a motion to intervene as of right is governed by Federal Rule of Civil Procedure 24(a)(2). FED. R. CIV. P. 24(a)(2). To intervene as of right under Rule 24(a)(2), an applicant must meet four requirements:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which [he] seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect [his] interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Saldano v. Roach,* 363 F.3d 545, 551 (5th Cir. 2004).

Although failure to satisfy any one element precludes the applicant's right to intervene, *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs,* 493 F.3d 570, 578 (5th Cir. 2007), "the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and

5

circumstances surrounding each application." *Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir.1996). "[I]ntervention of right," as the Fifth Circuit has routinely acknowledged, "must be measured by a practical rather than technical yardstick." *Edwards,* 78 F.3d at 999 (quoting *United States v. Tex. E. Transmission Corp.,* 923 F.2d 410, 413 (5th Cir.1991)). Accordingly, courts, as a general matter, allow intervention where "no one would be hurt and greater justice could be attained." *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994) (internal quotation marks and citation omitted). To intervene as a matter of right, the applicant must have "an interest relating to the property or transaction that is the subject of the action." FED. R. CIV. P. 24(a)(2). In other words, the applicant must have a "direct, substantial, and legally protectable right" and must be "something more than an economic interest." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir. 1984) (en banc). Moreover, "the interest must be one which the substantive law recognizes as belonging to or being owned by the applicant." *Id.* at 464. "The interest test functions as a practical guide for courts seeking to resolve the claims of all genuinely interested persons in a single proceeding." *Texas v. Approximately $3,551,510.67,* 2006 WL 6584606 (S.D. Tex. 2006).

Even if intervention as a matter of right is not permitted, the Court can consider whether permissive intervention is warranted under Rule 24(b)(1) of the Federal Rules of Civil Procedure. "[P]ermissive intervention is within a district court's discretion," *Newby v. Enron Corp.,* 443 F.3d 416, 424 (5th Cir. 2006), and is "only subject to reversal if extraordinary circumstances so require." *Trans Chem. Ltd. v. China Nat'l Mach. Import and Export Corp.*, 332 F.3d 815, 822 (5th Cir. 2003). Pursuant to Rule 24(b)(1)(B), on a timely motion, a court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact," FED. R. CIV.

6

P. 24(b)(1)(B), so long as it would not "unduly delay or prejudice the adjudication of the rights of the original parties." *Kneeland v. Nat'l Collegiate Athletic Ass'n,* 806 F.2d 1285, 1289 (5th Cir. 1987).

The Court notes that the assignment submitted by Escamilla purportedly acknowledges that both M2 Software, Inc. and Escamilla are owners of the trademark. *See* Dkt. 11-2. Escamilla has attempted to craft an assignment to avoid hiring counsel in light of his previous case. The Court finds that it need not at this time determine whether the assignment is valid in that Escamilla fails to meet the requirements of Rule 24(a)(2). His co-owner "assignor" M2 Software, Inc. adequately represents his interests in the trademark. The fact that Escamilla allows his corporation to go into default through his obstinance is his own choosing. He cannot create, through his own arrogance, a right that would not exist had he followed the rules.

The Court further finds that permissive intervention is not warranted. The right of Plaintiff to resolve this matter once and for all would be prejudiced by allowing Escamilla to intervene, especially in light of the fact that he could have resolved this issue in the prior proceeding by securing counsel for M2 Software, Inc., but steadfastly refused to do so.[1] When examining the purported assignment it is clear that the dispute between the two parties far predate the assignment. The assignment acknowledges that M2 Software, Inc. was the owner of the mark. In any event, the assignment gives Escamilla no greater rights than what M2 Software, Inc. possessed before the assignment. If there was no infringement, then Escamilla is bound. As stated, M2 Software, Inc.

---

[1] The Court of Appeals has also recognized this refusal by noting, "Escamilla could negate all of these concerns merely by joining M2 Software as a party, but it steadfastly refuses to do so." *David Escamilla dba M2 Intellectual Property Assets v. M2 Technology, Inc.*, No. 12-41183, slip op. at 9 (5th Cir. July 16, 2013).

can adequately protect whatever rights he may have had.

Further, this report does not address the assignment and its validity. The only matter addressed is that of M2 Software, Inc. If the assignment is not valid or complete, then Escamilla's intervention would do no good. If the assignment is valid and M2 Software, Inc. had no rights at the time of the assignment, then Escamilla's intervention is not necessary. He has already filed another suit in this District and whatever rights he may have can be addressed in that proceeding.

## RECOMMENDATION

For the reasons set forth herein, it is therefore recommended that David Escamilla's Motion to Intervene (Dkt. 5) be **DENIED**. Further, because of M2 Software, Inc.'s deliberate default in the is case, it is recommended that M2 Technology, Inc,'s Request for Entry of Default (Dkt. 6) be **GRANTED** and M2 Technology, Inc. have judgment against M2 Software, Inc. that:

(1) Plaintiff's use of M2Technology, Inc. in connection with Plaintiff's services does not constitute federal unfair competition or false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(2) Plaintiff's use of M2 Technology, Inc. in connection with Plaintiff's services does not constitute federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114 *et seq*;

(3) Plaintiff's use of M2 Technology, Inc. in connection with Plaintiff's services does not constitute trade name infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(4) Plaintiff's use of M2 Technology, Inc. in connection with Plaintiff's services does not violate the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

(5) Plaintiff's use of M2Technology, Inc. in connection with Plaintiff's services does not constitute trademark infringement or unfair competition under Texas common law;

(6) Plaintiff's use of M@ Technology, Inc. in connection with Plaintiff's services does not violate § 16.29 of the Texas Business and Commerce Code;

(7) Plaintiff's use of M2 Technology, Inc. in connection with Plaintiff's services does not violate § 17.41 of the Texas Business and Commerce Code; and

(8) Plaintiff is awarded its reasonable attorneys' fees and costs relating to this action and the related action pursuant to 15 U.S.C. §1117 and all other applicable legal and/or equitable sources because of (without limitation) the exceptional nature of Defendant's conduct.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

***The Clerk of Court is directed to send an electronic copy of this report and recommendations to David Escamilla at info@m2software.com.***

**SIGNED this 19th day of July, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE