IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| M2 TECHNOLOGY, INC. | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 4:12CV458 |
| | § | |
| M2 SOFTWARE, INC. | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION FOR RECONSIDERATION, AND MEMORANDUM
ADOPTING IN PART REPORT AND RECOMMENDATION OF THE UNITED
STATES MAGISTRATE JUDGE
AND ORDER GRANTING IN PART PETITION FOR FEES AND COSTS**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 19, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that David Escamilla's Motion to Intervene be denied. The Magistrate Judge further recommended that, because of M2 Software, Inc.'s deliberate default in this case, M2 Technology, Inc. should have a declaratory judgment against M2 Software, Inc. and that Plaintiff should be awarded its reasonable attorneys' fees and costs relating to this action and the related action pursuant to 15 U.S.C. §1117 and all other applicable legal and/or equitable sources because of (without limitation) the exceptional nature of Defendant's conduct.

On July 31, 2013, Proposed Defendant-Intervenor David Escamilla filed his "Proposed Defendant-Intervenor's Rule 72(b) Objections to Report and Recommendation (Dkt. 23) and Rule

1

72(a) Motion for Reconsideration of Related Order (Dkt. 24)," objecting to the Magistrate Judge's report and recommendation and seeking reconsideration of the Magistrate Judge's July 19, 2013 Order denying as moot his request to file an overlength response to the motion for default judgment. *See* Dkt. 25. On that date, Escamilla also filed a "Proposed Defendant-Intervenor's Request for Judicial Notice," asking the court to take judicial notice of other cases involving some of the same parties as are involved herein. *See* Dkt. 26. Escamilla also filed a "Proposed Defendant-Intervenor's Notice of Lodging of July 16, 2013 Decision of U.S. Court of Appeals for the Fifth Circuit" in the case of *Escamilla dba M2 Intellectual Property Assets v. M2 Technology. Inc.*, which was previously pending before this court but dismissed for failure to join M2 Software, Inc. as a party. *See* Dkt. 27.

On August 1, 2013, Plaintiff filed its Petition for Fees and Costs to be awarded pursuant to the Magistrate Judge's report and recommendation. *See* Dkt. 28. On August 2, 2013, Escamilla filed his "Proposed Defendant-Intervenor's Supplemental Objection to Report and Recommendation (Dkt. 23) Pursuant to Rule 72," objecting to the award of attorney's fees. *See* Dkt. 29.

Then, on August 20, 2013, a Notice of Appearance of Counsel for M2 Software, Inc. was filed. *See* Dkt. 31. Within that notice, M2 Software, Inc., through newly retained counsel, objected to being named as a party to the suit and adopted and incorporated by reference the arguments and authorities presented in the pleadings filed by Escamilla. The Notice of Appearance of Counsel further urged, without authority or argument, dismissal of all claims herein against M2 Software for failure to state a claim or for failure to join a party.

The court has made a *de novo* review of the objections raised by Escamilla and is of the opinion that the findings and conclusions of the Magistrate Judge as to his requested intervention

2

are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge that David Escamilla's Motion to Intervene be DENIED. The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

Therefore, David Escamilla's Motion to Intervene (Dkt. 5) is **DENIED** and "Proposed Defendant-Intervenor's Rule 72(a) Motion for Reconsideration of Related Order (Dkt. 24)" (Dkt. 25) is **DENIED**. The court will not consider any pleadings or materials filed in this matter by David Escamilla.

The court next turns to the Magistrate Judge's recommendation that, because of M2 Software, Inc.'s deliberate default in this case, M2 Technology, Inc. should have a declaratory judgment against M2 Software, Inc. and that Plaintiff should be awarded its reasonable attorneys' fees and costs relating to this action and the related action pursuant to 15 U.S.C. §1117 and all other applicable legal and/or equitable sources because of (without limitation) the exceptional nature of Defendant's conduct.

The court notes that no objections were timely filed to this recommendation, other than those filed by Escamilla, which the court declines to consider since he has not been permitted to intervene in this matter. Srinivas Behara entered a notice of appearance on Defendant's behalf after the objection period had run. Although the notice seeks to incorporate pleadings filed by *pro se* Proposed Intervenor Escamilla, Defendant M2 Software, Inc. has not filed any separate pleadings in this matter. Further, on September 5, 2013, Richard C. King, Jr. and the King Law Group, PLLC sought leave of court to substitute in as counsel for Defendant. That request was granted on September 10, 2013.

To date, despite the entry of appearance of counsel, no separate answer or motion to dismiss has been filed by M2 Software, Inc. M2 Software, Inc. further has failed to file any specific, even if tardy, objections to the Magistrate Judge's report and recommendations, not to mention any motion for leave to file such objections out of time. And M2 Software, Inc. has not demonstrated any good cause for the late appearance or requested that the Clerk's September 24, 2012 Entry of Default be set aside pursuant to Federal Rule of Civil Procedure 55(c). *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 143 (5th Cir. 1996) ("Because Alvin has defaulted, he must succeed in setting aside the default before he will be permitted to respond to the motion for summary judgment."). The court finds that, without more by Defendant, the Notice of Appearance of Counsel, filed more than a month after the entry of the Magistrate Judge's Report and Recommendation, and almost a year after Defendant was served is insufficient to constitute a defensive pleading sufficient to overcome the Magistrate Judge's recommendations as to Defendant's lack of participation herein.

Two separate sets of counsel have appeared for Defendant but failed to offer any good cause for Defendant's failure to take any substantive action in this case. *See generally, Federal Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1070 -1071 (5th Cir. 1988). Defendant's gamesmanship warrants default. *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998) ("Moreover, the dilatory and obstructive conduct of the defendants has been well-documented and the extreme sanction of default judgment was warranted by their actions.").

The court is of the opinion that the findings and conclusions of the Magistrate Judge regarding M2 Software, Inc.'s default in this case are correct. The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

Therefore, M2 Technology, Inc,'s Request for Entry of Default (Dkt. 6) and Plaintiff's Application for Default Judgment Pursuant to Rule 55(b)(2) (Dkt. 9) are **GRANTED** and M2 Technology, Inc. shall have declaratory judgment against M2 Software, Inc. that:

(1) Plaintiff's use of M2 Technology, Inc. in connection with Plaintiff's services does not constitute federal unfair competition or false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(2) Plaintiff's use of M2 Technology, Inc. in connection with Plaintiff's services does not constitute federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114 *et seq*;

(3) Plaintiff's use of M2 Technology, Inc. in connection with Plaintiff's services does not constitute trade name infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(4) Plaintiff's use of M2 Technology, Inc. in connection with Plaintiff's services does not violate the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

(5) Plaintiff's use of M2 Technology, Inc. in connection with Plaintiff's services does not constitute trademark infringement or unfair competition under Texas common law;

(6) Plaintiff's use of M2 Technology, Inc. in connection with Plaintiff's services does not violate § 16.29 of the Texas Business and Commerce Code; and

(7) Plaintiff's use of M2 Technology, Inc. in connection with Plaintiff's services does not violate § 17.41 of the Texas Business and Commerce Code.

Finally, the court turns to the Magistrate Judge's recommendation that Plaintiff be awarded its reasonable attorneys' fees and costs relating to this action and the related action pursuant to 15 U.S.C. §1117 and all other applicable legal and/or equitable sources because of (without limitation) the exceptional nature of Defendant's conduct. On August 1, 2013, Plaintiff filed its Petition for Fees and Costs, seeking an award of $571,437.76 in fees and costs.

Having reviewed the materials submitted in conjunction with Plaintiff's Petition for Fees and Costs (Dkt. 28), the court agrees with the Magistrate Judge that the exceptional nature of Defendant's conduct warrants an award of attorney's fees to Plaintiff as the prevailing party under 15 U.S.C. § 1117. The court finds, however, that this award should be limited to the costs and fees incurred in this action alone and not in any related actions. Therefore, Plaintiff's Petition for Fees and Costs (Dkt. 28) is **GRANTED** in part and **DENIED** in part and the court declines to adopt the Magistrate Judge's recommendation as to the scope of fees to be awarded. Plaintiff is awarded its reasonable attorneys' fees and costs relating to this action pursuant to 15 U.S.C. §1117 and all other applicable legal and/or equitable sources because of the exceptional nature of Defendant's conduct.

Within ten (10) days, Plaintiff shall submit detailed fee invoices for fees incurred in this action so that final default judgment can be entered.

**IT IS SO ORDERED.**

**SIGNED this the 30th day of September, 2013.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE