IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| M2 TECHNOLOGY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:12-CV-458 |
| | § | |
| M2 SOFTWARE, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S PETITION FOR FEES AND COSTS

The following are pending before the court:

1. Plaintiff's petition for fees and costs (docket entry #69);

2. Defendant's traverse of Plaintiff's itemized statement of costs (docket entry #73); and

3. Plaintiff's reply in support of its petition for fees and costs (docket entry #75).

Having considered the Plaintiff's petition for fees and costs and the responsive briefing thereto, the court finds that the Plaintiff's petition for fees and costs should be granted.

### BACKGROUND

On March 4, 2016, the court denied the Defendant's "Motion to Set Aside Default and Default Judgment and to Dismiss for Untimely Service Under Rule 4(m) and Alternatively to Dismiss for Mootness." *See* Dkt. #68. In the same order, the court granted the Plaintiff's "Motion for Sanctions Under Rule 11, FED. R. CIV. P." and ordered the Plaintiff to file with the court an itemized list of fees and costs that the Plaintiff incurred in preparing the following filings:

1. Plaintiff's motion for sanctions under Rule 11, FED. R. CIV. P. (docket entry #64);

2. Plaintiff's reply in support of its motion for sanctions under Rule 11, FED. R. CIV. P. (docket entry #66); and

3. Plaintiff's response in opposition to Defendant's motion to set aside default and default judgment and to dismiss for untimely service under Rule 4(m) and alternatively to dismiss for mootness (docket entry # 62).

## DISCUSSION AND ANALYSIS

The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorneys' fees. *Id*. The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Second, in assessing the "lodestar" amount, the court considers the twelve *Johnson* factors before final fees can be calculated. *Id*.

The *Johnson* factors are:

(1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n. 23, citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

On March 16, 2016, the Plaintiff complied with the order of the court by filing its petition for fees and costs. In its petition (and subsequent reply brief), the Plaintiff notes that it is seeking an award of $39,325.63. An itemization of those fees and costs are as follows:

1. John F. Bufe (local counsel) – $450/hour x 1.90 hours = $855.00;

2. Vickie R. Taylor (legal assistant to Mr. Bufe) – $150/hour x .9 hours = $135.00;

3. Expenses for copying and telephone (local counsel) = $41.63;

4. John T. Gabrielides (lead counsel while at former firm of Brinks Gilson & Lione) – $670/hour x 44 hours = $29,480.00;

5. Lisa Reyes (paralegal at Mr. Gabrielides's former firm) – $225/hour x 1 hour = $225.00;

6. Michelle Terril (legal assistant at Mr. Gabrielides's former firm) – $125/hour x 1 hour = $125.00;

7. Arturo Ishbak Gonzalez (law clerk at Mr. Gabrielides's former firm) – $160/hour x 6 hours = $960.00;

8. John T. Gabrielides (lead counsel's work for preparing the instant fee petition) – $670/hour x 6.7 hours = $4,489.00; and

9. John T. Gabrielides (lead counsel's work for preparing the reply in support of the instant fee petition) – $670/hour x 4.5 hours = $3,015.00.

In its traverse, the Defendant objected to the Plaintiff's fee petition on several grounds. First, the Defendant contests Mr. Bufe's and Mr. Gabrielides's respective hourly rates. However, in a prior order concerning an award of attorney's fees (docket entry #46), the court approved Mr. Bufe's hourly rate of $450.00. Additionally, the court approved Mr. Gabrielides's hourly rate of $635.00. Given that the court's prior order was signed on January 22, 2014, it is plausible that Mr. Gabrielides's hourly rate increased to $670.00 in 2015. Accordingly, the court finds that the Defendant's objections to Mr. Bufe's and Mr. Gabrielides's respective hourly rates lack merit and should be denied.

Next, the Defendant essentially objects to the number of hours expended in relation to the number of pages filed with respect to docket entry numbers 62, 64, and 66. Having reviewed the Defendant's arguments, the court finds that Plaintiff's counsel and their respective staff members expended a reasonable number of hours researching and preparing the above-referenced documents.

Finally, the Defendant requests that the court reduce the sanction award by 50% "given the small size of the firm target of the sanction, and the closeness of the legal issues in the pleading for which a sanction is being assessed." DEF. TRAVERSE, p. 7. As noted in the court's "Memorandum Opinion and Order Denying Defendant's Motion to Set Aside Default and Default Judgment and to Dismiss for Untimely Service Under Rule 4(m) and Alternatively to Dismiss for Mootness and Order Granting Plaintiff's Motion for Sanctions" (docket entry #68), the issues were not "close."

> M2 Software, however, failed to present any new arguments that were not already considered and rejected by this court, the Fifth Circuit and the Supreme Court. Rather, M2 Software is now asking this court to essentially second guess the wisdom of the Fifth Circuit and the Supreme Court under the guise of Rule 60(b) of the Federal Rules of Civil Procedure. Absent the assertion of a new argument, however, there is no basis for granting M2 Software relief from judgment under Rule 60(b). *Kinard v. Booker*, 2013 WL 4482869, \*5 (E.D. Mich. 2013). There being no new argument, M2 Software's motion lacks merit.

> M2 Software further argues that it is entitled to relief from judgment due to relevant, intervening case law. M2 Software suggests that the default judgment should be set aside because the Supreme Court, in *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293 (2015), clarified substantive issues applicable to the instant action. *B&B Hardware*, however, was not an intervening action. The Supreme Court issued its decision in *B&B Hardware* on March 24, 2015. The Supreme Court denied M2 Software's petition for writ of certiorari on April 27, 2015. Certainly, the Supreme Court was aware of its recently issued opinion in *B&B Hardware* when it considered and denied M2 Software's petition for writ of certiorari. Further, given that a default judgment was entered against M2 Software, the court never reached the substantive issues in the instant action. As such, this court's prior decision is not affected by the substantive issues decided in *B&B Hardware*. *See generally Route 26 Land Development Ass'n v. United States*, 182 F. Supp. 2d 382, 383-84 (D. Del. 2002).

> Based on the foregoing, and finding that the Defendant's motion lacks merit, Defendant's motion to set aside default and default judgment and to dismiss for untimely service under Rule 4(m) and alternatively to dismiss for mootness (docket entry #s 58 & 59) is hereby **DENIED**.

*See* Dkt. #68, pp. 5-6.[1] Further, the Defendant's request that the sanction be reduced by 50% due to the small size of the law firm involved is arbitrary and lacks merit.

**CONCLUSION**

Based on the foregoing, the Plaintiff's petition for fees and costs (docket entry #69) is hereby **GRANTED**. Richard C. King, Jr. and Mary Ellen King of the King Law Group PLLC, as well as the King Law Group PLLC, are hereby **ORDERED** to pay to the Plaintiff the sum of $39,325.63 within thirty (30) days from the date this order is entered.

IT IS SO ORDERED.

**SIGNED this the 30th day of March, 2017.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] On November 11, 2016, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of this court and stated the following:

> 2. M2 Software presents no new arguments in its motion to set aside that have not already been considered and rejected by this court. Further, the district court correctly interpreted *B&B Hardware, Inc. v. Hargis Indus., Inc.*, — U.S. —, 135 S. Ct. 1293, 191 L. Ed. 2d 222 (2015) not to constitute intervening case law, as the present case is a default judgment against M2 Software and the substantive issues were never reached, while *B&B Hardware* decided substantive issues. As a result, the district court did not abuse its discretion by dismissing the motion.

*Escamilla v. M2 Tech., Inc.*, 657 F. App'x 318, 319 (5th Cir. 2016).